IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERTIS JEROME ANTHONY,  )<br>AIS 282673,                          )<br>                                               )<br>     Plaintiff,                          )<br>                                               )<br>     v.                                     )   CASE NO. 2:24-cv-471-ECM<br>                                               )<br>ADOC FOOD & SANITATION  )<br>DIVISION, *et al.*,                    )<br>                                               )<br>     Defendants.                     ) | |

**MEMORANDUM OPINION and ORDER**

On August 15, 2024, the Magistrate Judge entered a Recommendation that this case be transferred to the United States District Court for the Northern District of Alabama. (Doc. 2). On September 4, 2024, the Plaintiff filed objections to the Magistrate Judge's Recommendation. (Doc. 3).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be transferred to the United States District Court for the Northern District of Alabama.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter

to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommended that this case be transferred to the Northern District of Alabama because "[t]he actions described in Plaintiff's Complaint occurred at Bibb Correctional Facility, which is in the Northern District of Alabama," and "Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here." (Doc. 2 at 2). In his objections, the Plaintiff represents that "[t]here are no objections to transfer of this action from the Middle District to the Northern; other than, the constitutional constituents which is set forth in the U.S. Constitution Amend. 14, Sec. 1." (Doc. 3 at 2). This objection fails to establish any error in the Magistrate Judge's analysis or conclusion that venue is not proper in the Middle District of Alabama, or that venue is proper in the Northern District of Alabama. Consequently, this objection is due to be overruled.

To the extent the Plaintiff proffers general or conclusory objections, or merely restates the allegations in his complaint, those objections are reviewed for clear error and are overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 3) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 2) is ADOPTED;

3. This case is TRANSFERRED to the United States District Court for the Northern District of Alabama.

DONE this 22nd day of November, 2024.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE